IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY<br>as subrogee and successor in interest to<br>    Chad Mayer<br>6200 South Gilmore Road<br>Fairfield, Ohio 45014-5141<br><br>    Plaintiff,<br><br>vs.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.<br>    formerly known as Inland Waters<br>       of Ohio<br>c/o CT Corporation System, Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>    Defendants. | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT** |

Now comes Plaintiff, by and through its undersigned counsel, and for its Complaint, states as follows:

## PARTIES

1. Plaintiff The Cincinnati Insurance Company (hereinafter "CIC") is an Ohio corporation with its principal place of business in Fairfield, Ohio, and duly licensed and engaged in providing insurance to individuals and corporations.

2. On or about July 3, 2022, and at all times material herein, Plaintiff CIC provided insurance coverage to Chad Mayer for a 2016 Sea Ray 470 Sundancer motorboat known as "The Mayer's Office."

3. Defendant Clean Harbors Environmental Services, Inc., formerly known as Inland Waters of Ohio, is an Ohio corporation with a place of business in Cleveland, Ohio, and at all times material, by and through its employee, agents, representatives, and/or subcontractors, engaged in water vehicle salvage operations, including salvage operations on the aforementioned "The Mayer's Office."

## JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. §1333(1) since this is an admiralty case. Plaintiff requests of this Court to exercise its pendent jurisdiction over any local Court claims.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred on the waters of Lake Erie in Cuyahoga County, Ohio, which is within this judicial district and division.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. On or about July 3, 2022, Plaintiff CIC was the insurer of Chad Mayer pursuant to a contract of insurance providing coverage for his 2016 Sea Ray 470 Sundancer motorboat known as the "The Mayer's Office."

7. On or about July 2, 2022, Chad Mayer, while operating "The Mayer's Office," ran aground on a break wall located on Lake Erie.

8. On or about July 3, 2022, Defendant arrived at the scene where the "The Mayer's Office" ran aground on the said break wall to tow "The Mayer's Office" to a facility for repair.

9. On or about July 3, 2022, while in the process of removing "The Mayer's Office" from the said break wall, Defendant failed to use the requisite care regarding its work, which caused "The Mayer's Office" to sink to the bottom of Lake Erie.

10. When "The Mayer's Office" ran aground on the aforementioned break wall on July 2, 2022, that was a separate and distinct damage event which caused limited damage to the "The Mayer's Office" and as a result did not cause "The Mayer's Office" to be a total loss.

11. When "The Mayer's Office" sank to the bottom of the Lake Erie on July 3, 2022, this resulted in its total loss and damages separate and apart from the damages described in the preceding paragraph in the amount of $446,724.04 for which CIC paid for which it has the right of subrogation.

12. A true and accurate copy of the sworn proof of loss in the amount of $446,724.04 for the sinking of "The Mayer's Office" is attached hereto as Exhibit 1.

## COUNT I

13. Defendant breached its duty to perform its work in a workmanlike manner when it caused "The Mayer's Office" to sink to the bottom of Lake Erie on or about July 3, 2022, while removing it from the aforementioned break wall after it ran aground.

14. Defendant's breach of its duty described in the preceding paragraph was a direct and proximate cause of $446,724.04 damage to "The Mayer's Office," and personal property contained within, when "The Mayer's Office" sunk to the bottom of Lake Erie, which CIC paid as insurer of Chad Mayer.

15. Plaintiff CIC, as insurer of Chad Mayer, is subrogated to the aforementioned damages it paid of $446,724.04 described in the preceding paragraph as a result of the sinking of "The Mayer's Office."

16. Regarding the allegations in the preceding paragraph, attached hereto as Exhibit 1 is a true and accurate copy of the Sworn Statement in Proof of Loss in which CIC acquired the subrogation rights as to this matter from its insured, Chad Mayer.

### COUNT II

17. Defendant was negligent when it breached its duty when it failed to use ordinary and reasonable care in its work when it caused "The Mayer's Office" to sink to the bottom of Lake Erie on or about July 3, 2022, while removing it from the aforementioned break wall after it ran aground.

18. Defendant's breach of its duty described in the preceding paragraph was a direct and proximate cause of $446,724.04 damage to "The Mayer's Office," and personal property contained within, when "The Mayer's Office" sunk to the bottom of Lake Erie, which CIC paid as insurer of Chad Mayer.

19. Plaintiff CIC, as insurer of Chad Mayer, is subrogated to the aforementioned damages it paid of $446,724.04 described in the preceding paragraph as a result of the sinking of "The Mayer's Office."

20. Regarding the allegations in the preceding paragraph, attached hereto as Exhibit 1 is a true and accurate copy of the Sworn Statement in Proof of Loss in which CIC acquired the subrogation rights as to this matter from its insured, Chad Mayer.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant relief and damages as follows:

I. PRAYER FOR FIRST CAUSE OF ACTION AS TO FAILURE TO PERFORM IN A WORKMANLIKE MANNER

   1. Plaintiffs demand judgment against the Defendant in the amount of $446,724.04, plus the costs of this action, and attorneys' fees if Plaintiff is deemed the prevailing party.

2. For any such other and further relief as the court may deem proper.

II. PRAYER FOR SECOND CAUSE OF ACTION AS TO NEGLIGENCE

1. Plaintiffs demand judgment against the Defendant in the amount of $446,724.04, plus the costs of this action, and attorneys' fees if Plaintiff is deemed the prevailing party.

2. For any such other and further relief as the court may deem proper.

_____
Dennis G. Rehor (0063684)
Attorney for Plaintiff
6480 Rockside Woods Blvd., #145
Independence, OH 44131
(216) 696-6454
Fax: (216) 696-0227
dennis_rehor@staffdefense.com